IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MAKIM NEWMAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAIʻI, *et al.*,<br><br>　　　　　Defendants. | Civil No. 24-00140 MWJS-RT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On May 15, 2024, pro se Plaintiff Makim Newman filed his signed first amended complaint (FAC) against the State of Hawaiʻi, the County of Kauaʻi, and the United States of America.  ECF No. 7.  The FAC attempts to cure the deficiencies identified in the Court's prior order by expanding its factual allegations, identifying a jurisdictional basis, and listing potential claims for relief.  *See* ECF No. 5.

Although the FAC has improved upon the original complaint's allegations, the Court finds that it still does not adequately state a claim.  Accordingly, the Court DISMISSES the first amended complaint.  Newman may file an amended complaint, but he must do so by July 1, 2024.

**DISCUSSION**

1. Because Newman proceeds in forma pauperis, the Court must screen Newman's complaint. 28 U.S.C. § 1915(e). The Court is required to dismiss any complaint that, among other things, fails to state a claim for relief. *See id.* § 1915(e)(2)(B). A complaint will not survive screening if it alleges only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the factual allegations must "raise a right to relief above the speculative level." *Id.* Put differently, a complaint's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a pro se complaint must always be construed liberally. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Newman's original complaint did not meet this standard. Newman commenced this action in March 2024, along with an application to proceed in forma pauperis. Although the Court granted Newman in forma pauperis status, it dismissed his original complaint for failure to state a claim, as the complaint lacked any factual allegations. *See* ECF No. 5.

Attempting to cure this shortcoming, Newman's first amended complaint substantially elaborates on this case's factual basis. Invoking federal question jurisdiction, the FAC alleges that Newman "is of African decent with Menehune

2

heritage and religion." ECF No. 7, at PageID.59. Newman allegedly "practice[s] and honors Menehune culture and heritage," including by eating only natural foods and drinking only natural spring water. *Id.* at PageID.59-60. And Newman claims that his Menehune ancestry and religion allow him to be on state lands.

This case appears to arise out of Newman's arrest for "tre[s]passing on 'State Land.'" *Id.* at PageID.59. Newman alleges that he and his young daughter were removed from the land, and Newman was incarcerated "for several days." *Id.* at PageID.60. While "in police custody," Newman alleges that he "was not able to drink spring water" or eat "natural foods," even though he had explained his religious needs. *Id.* at PageID.62. As a result, Newman says that he "starved." *Id.*

The Defendants in this action are the County of Kaua'i, the State of Hawai'i, and the United States of America.[1] The FAC brings five claims for wrongful removal, breach of Constitution, theft, cruel and unusual punishment, and wrongful traffic stop. At base, these claims largely appear to assert violations of various constitutional rights. The Court therefore construes these claims as being brought pursuant to 42 U.S.C. § 1983, which provides a cause of action for violations of

---

[1] Because the first amended complaint does not include a case caption, it does not clearly identify the defendants. It does say, however, that Newman is "defend[ing] his constitutional rights again[st] the County of Kauai, State of Hawaii and United States of America." ECF No. 7, at PageID.61. And the original complaint clearly names these three parties as defendants. ECF No. 1, at PageID.1. The Court therefore construes the FAC as being brought against these same three defendants.

3

federal law committed by persons acting under color of state law.  *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

2.  Even construing Newman's first amended complaint liberally, the Court concludes that dismissal is appropriate because the FAC lacks a proper defendant and fails to state a claim upon which relief can be granted.

As a threshold matter, the FAC does not name a proper defendant.  Both the United States and the State of Hawaiʻi enjoy sovereign immunity, which means that they cannot be sued without their consent.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984).  The FAC does not identify—and the Court is not aware of—any waiver of the federal and state governments' immunity that might apply to this case.

Nor is the County of Kauaʻi a proper defendant.  Municipalities are not liable for every tort committed by their employees.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, they may only be sued directly under § 1983 if a municipal custom or policy led to the plaintiff's injury.  *See id.* at 694.  But the FAC here does not allege any facts that suggest the existence of a municipal custom or policy, foreclosing municipal liability.

Should Newman wish to file an amended complaint, he must name a defendant that is properly subject to suit under § 1983.  This could include, for

4

example, a county employee who is responsible for the alleged harm and who is named in their individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). For now, Newman's claims against the United States, the State of Hawaiʻi, and the County of Kauaʻi are DISMISSED.

      3. Even if Newman sued a proper defendant, the FAC would still lack sufficient factual matter to plausibly allege a claim. The Court considers the FAC's five counts in turn.

      First, with respect to the wrongful removal claim, Newman appears to argue that he was arrested for trespassing on lands that his Menehune ancestry and religion entitle him to be on.[2] ECF No. 7, at PageID.59 ("Defendants argued the Plaintiff was unlawfully tre[s]passing on 'State Land.'"); *id.* at PageID.62 ("Plaintiff verbally complained that he was well within rightful grounds and protected . . . by the United States [C]onstitution, 1st [A]mendment."). Charitably construed, the FAC argues that Newman was deprived of his free exercise rights by not being permitted to remain on land important to his religious practice. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 524 (2022) (observing that the

---

[2] Newman briefly mentions that his young daughter, also of "Menehune Heritage and religion," was "removed from 'State Land'" because of his alleged trespassing. ECF No. 7, at PageID.60. But aside from stating her birthplace and birthday, Newman includes no other factual allegations about her. It therefore does not appear that Newman intends to assert any claims on behalf of his daughter.

Free Exercise Clause "protect[s] the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life").

Newman's allegations, however, do not give rise to a colorable free exercise claim. Apart from generally claiming that his "Ancestry and religious Rights . . . grant[] permission to be on 'State Land,'" ECF No. 7, at PageID.59, Newman does not specifically allege how this land is important to his religious practice, what he was using the land for, how long he was using the land, or even where this land is. And although Newman attaches information on two state criminal cases against him—which appear to reveal two separate charges of trespass, one of which is accompanied by a charge of attempted assault, ECF No. 7-1, at PageID.65-66, 69—Newman does not explain which is relevant to this action. For these reasons, Newman has failed to state a claim on this count.

Second, Newman generally asserts "Breach of Constitution." ECF No. 7, at PageID.62. Given the thrust of the FAC's factual allegations, this appears to be another free exercise claim, arising out of the alleged deprivation of natural foods and spring water during Newman's incarceration. Newman certainly retained free exercise rights while in custody, and that includes the right to have food satisfying the dietary restrictions of his religion. *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987); *Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008) (finding that a prison's refusal to provide kosher meat to the plaintiff implicated the Free Exercise

6

Clause because the plaintiff sincerely believed that he needed to consume kosher meat to maintain his religious belief). That right, however, is not unlimited, as the state may restrict a prisoner's free exercise rights so long as the state's conduct is reasonably related to a legitimate penological interest. *Shakur*, 514 F.3d at 884.

Here too, Newman has not stated a claim. He says that he "was not able to eat for the time plaintiff was in police custody for several days." ECF No. 7, at PageID.60. But he does not say where he was held, when he was in custody, or exactly how long he was in custody. And Newman does not name or describe the officers whom he allegedly told of his restriction and whom nevertheless denied him access to his dietary requirements.

Newman next asserts a claim of theft, arguing that "Defendants claimed ancestral land." *Id.* at PageID.62. Not only does Newman not identify the land at issue, but he does not adequately claim a legal right to the land. Even if he has some right to engage in cultural or religious practices on the land—the Hawaiʻi Constitution, for example, protects the rights of Native Hawaiians to engage in customary and traditional practices, *see* Haw. Const. art. XII, § 7—that does not mean Newman has an ownership right in the land, such that dispossession would constitute theft. *See* Hawaiʻi Revised Statutes § 708-830 (crime of theft requires obtaining or controlling "the property of another"). This count, as currently alleged, lacks merit.

7

Newman's fourth claim is that he starved while in police custody, which he claims constituted cruel and unusual punishment. It is unclear from the FAC whether Newman was detained pretrial or post-conviction, which would dictate whether the analysis proceeds pursuant to the Eighth or the Fourteenth Amendment. But under either, the analysis is the same: Newman must allege that he was "deprived of the minimal civilized measure of life's necessities" and that the officials "acted with deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (internal quotation marks omitted).

Newman has not done so. He does not state how long he was in police custody, what food he was offered (if any), and what food he would have needed. And while Newman claims that the Defendants "made [a] mockery" of his heritage, ECF No. 7, at PageID.60, the factual allegations are too slim to suggest that the officials acted wantonly. In passing, Newman also mentions that he has "medical health issues" that were not "fulfilled," *id.* at PageID.62, but he does not specify what those health issues are or how they were ignored.

Finally, Newman presses a claim for wrongful traffic stop. This claim appears to be for violations of the right to travel, as Newman states that he "wishes to safely travel and transport his property without getting pulled over and

8

harassed." *Id.* at PageID.61; *see also id.* at PageID.64 (citing the Fifth and Fourteenth Amendment's "Right to Travel and Liberty" as a jurisdictional basis).

For starters, both the Supreme Court and the Ninth Circuit have declined to address whether there is a constitutionally protected right to *intra*state travel. *Mem'l Hosp. v. Maricopa County*, 415 U.S. 250, 255-56 (1974); *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 n.7 (9th Cir. 1997). But even if there was such a right, Newman has not alleged facts sufficient to state a claim. He appears to argue that he wants to drive his car but cannot do so because he lacks a driver's license and license plate. *See* ECF No. 7, at PageID.63. Yet there is no "fundamental right to drive a motor vehicle," *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999), and Newman does not otherwise allege that his movement is restricted within the State of Hawaiʻi. Moreover, although Newman asserts that his vehicle is "targeted by Kauai [C]ounty police officers to issue out citation and tickets for court appearances," ECF No. 7, at PageID.63, he offers no specifics. These allegations lack sufficient detail to give rise to a plausible claim.

*    *    *

In sum, Newman has not identified a defendant against whom this case may proceed. And even if he had, more details are needed to state a possible claim for relief. The complaint is therefore DISMISSED.

The Court recognizes, however, that Newman is proceeding pro se, and he could potentially cure the FAC's deficiencies with further amendment. Indeed, Newman has considerably developed the allegations from the initial complaint. The Court therefore dismisses the complaint without prejudice and GRANTS Newman leave to amend. *See* Fed. R. Civ. Pro. 15(a)(2). The Court reminds Newman that failing to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES Newman's complaint without prejudice and with leave to amend.

If electing to file an amended complaint, Newman must comply with the following requirements:

(1) Newman's deadline to file an amended complaint is July 1, 2024;

(2) Newman's amended complaint should be titled "Second Amended Complaint"; and

(3) Newman must cure the deficiencies identified above.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: May 31, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge