IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| MAKIM NEWMAN, | Civil No. 24-00140 MWJS-RT |
|---|---|
| Plaintiff, | ORDER DENYING LEAVE TO AMEND AND DISMISSING ACTION |
| vs. | |
| STATE OF HAWAIʻI, *et al.*, | |
| Defendants. | |

## ORDER DENYING LEAVE TO AMEND AND DISMISSING ACTION

At the Court's invitation, pro se Plaintiff Makim Newman filed a letter requesting leave to amend. ECF No. 13. The letter explains how, if granted leave, Newman would attempt to cure the deficiencies in his three prior complaints. But the letter still does not identify enough facts to support a well-pleaded claim. Accordingly, Newman's motion for leave to amend is DENIED, and this action is DISMISSED with prejudice.

## BACKGROUND

1. Newman has filed three complaints, none of which has survived this Court's screening. His first complaint was filed in March 2024, along

with an application to proceed without paying fees.  ECF Nos. 1 & 2.  The Court granted Newman's application but dismissed his complaint because it failed to state a claim.  ECF No. 5; *see* 28 U.S.C. § 1915(e).  The Court granted Newman leave to amend.

In April 2024, Newman filed a first amended complaint.  ECF Nos. 6, 7.  This complaint supplemented Newman's factual allegations and attempted to identify possible bases for relief.  But again, the Court dismissed that complaint for its failure to state a claim.  ECF No. 9.  And the Court also noted that the complaint lacked a proper defendant because the State of Hawaiʻi and the United States are immune from suit, and the County of Kauaʻi may only be sued in limited situations.  *Id.* at PageID.78-79.  The Court granted Newman leave to amend to cure these deficiencies for a second time.

Newman filed a second amended complaint in June 2024.  ECF No. 10.  This complaint, again, named defendants shielded by sovereign immunity and failed to state a claim.  Because this complaint—Newman's third—still faced substantial threshold issues, the Court declined to grant

leave to amend.  ECF No. 11.  Instead, it invited Newman to file a letter seeking leave to amend by no later than August 26, 2024.  *Id.*  The Court explained that any such letter should do three things:  (1) identify proper defendants, other than the state and federal government; (2) identify the specific relief that Newman seeks; and (3) supplement his factual allegations and describe in detail the facts that would support his claims for relief.  *Id.*

Following the Court's direction, Newman filed a letter on August 23, 2024.  ECF No. 13.  In it, he aims to address the specific concerns raised by the Court.  Newman names Allison Nelistiin, a supervisor at the State of Hawaiʻi Department of Land and Natural Resources (DLNR), as a defendant.  *Id.* at PageID.118.  He outlines his factual allegations that he "verbally complain[ed] to US Court officials that God (Kane) is the true owner of Island of Hawaii" and defendant Nelistin "enforce[d] US law and policies which resulted in Plaintiff['s] arrest."  *Id.* at PageID.126.  Accordingly, he requests the relief of "protection of Religious freedom,"

3

legal recognition of the Menehune tribe, at least $10,000,000 in damages, and the "right to travel."  *Id.* at PageID.128.

    2.  From Newman's previous filings and his letter, the Court has sketched the outlines of Newman's allegations as follows.  Newman identifies as Menehune.  *Id.* at PageID.115.  At one point, he resided on state-owned land, to which he believes he has a religious entitlement.  But while on that land, Newman was arrested for trespass.  *Id.* at PageID.112.  He explained his religious obligations and his Menehune identity to the arresting officers, some of whom appear to have been officials with DLNR.  They still arrested him, and Newman served time in jail.  He pled no contest to the charge.  *Id.* at PageID.130.  Newman now, in this action, appears to principally seek stewardship of the land.  *Id.* at PageID.128.

## DISCUSSION

    Generally, leave to amend should be "freely give[n]" when "justice so requires."  Fed. R. Civ. P. 15(a)(2).  But a court "need not grant leave to amend" if further amendment would be "futile."  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

In his letter, Newman explains the challenges that he has faced since his incarceration and his difficulties in securing legal representation. He writes that "no qualified attorney will or even could help me," even though he "need[s] legal help." ECF No. 13, at PageID.113. The Court recognizes that individuals without formal legal training can face difficulties navigating the intricacies of the judicial system. It is for that reason that courts liberally construe pro se plaintiffs' claims, and the Court has done so in both its prior screenings and in its review of Newman's claims this time around. Even so, it does not appear that granting Newman further leave to amend his complaint will change the fact that he has not been able to present sufficient facts to state a claim for relief.

1. Preliminarily, it appears that Newman has remedied his prior complaints' failure to name a proper defendant. Initially, Newman only identified a "Jane Doe, Allison" as the "Supervisor of DLNR" in his August 23, 2024, letter. But in a supplemental letter, Newman identifies defendant "Allison Nelistin, Land Division officer, State of Hawaii official for the County of Kauai." ECF No. 14, at PageID.138. While it is not clear

that this individual is in fact an official of DLNR, the Court will at least construe Newman's allegations as directed at a possibly proper defendant. The Court therefore construes Newman's claims as being brought pursuant to 42 U.S.C. § 1983, which creates a right to sue state officers for civil rights violations.

    2.  Although the Court acknowledges Newman's extensive efforts to pursue this lawsuit, it concludes that granting further leave to amend would be futile.[1]  Newman's recent letter states that he is of Menehune ancestry and "enjoys constitutional religious freedom of documented Menehune culture."  ECF No. 13, at PageID.117.  He therefore contends that he "has to go through United States, State of Hawaii policies and juri[s]diction to praise his ancestors and fulfill his religious duties."  *Id.*  It appears that on that ground, Newman believes that his arrest for simple trespass was unconstitutional.  *See id.* at PageID.120.  But these factual allegations do not state a claim upon which relief could be granted.

---

[1]    Newman also expresses dissatisfaction with the annexation of Hawaiʻi by the United States.  ECF No. 13, at PageID.120.  Those events are not, however, actionable in this Court.

As an initial matter, Newman appears to claim that his arrest on state land was unconstitutional because he had a First Amendment right to engage in religious practice on the land.  *See* ECF No. 13, PageID.113-14 ("Security, honesty and pure expression of the first Amendment is the goal here . . . I'm terrified because I cannot disobey the Lord and the State of Hawaii, County of Kauai, DLNR Allison took me to jail and caused damages for doing so.").  But as the Court explained in a previous order, *see* ECF No. 11, Newman cannot challenge his arrest on these grounds because his criminal proceeding was not resolved in his favor.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  A § 1983 plaintiff may only recover damages for an "allegedly unconstitutional conviction or imprisonment" when their "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87.  And here, while Newman appears to have pled guilty to the trespassing charge, he has not provided any evidence that he later appealed his conviction (let alone that

7

any such appeal succeeded). He therefore cannot recover under § 1983, and Newman's claim for damages for an allegedly unlawful arrest and conviction must be dismissed.

Liberally construing Newman's claims for relief, he appears also to request an injunction restoring his access to and "stewardship" of the property on which he was arrested. ECF No. 13, at PageID.128. His letter echoes his previous complaints, and he appears to argue that the First Amendment and Newman's "Menehune heritage" require that he access this land. *Id.* But as the Court previously explained, Newman has not shown that he has a legal right to be on the land, and the First Amendment does not exempt him from neutral, generally applicable laws—such as state trespass laws. *See* ECF No. 11, at PageID.108; *Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021) (discussing *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872 (1990)).

3. Newman also repeats the argument from his second amended complaint that he is entitled to the "right to travel," but this time he explains that "Plaintiff does not wish to drive a motor vehicle." ECF No.

13, at PageID.125 ("I travel to the store with my car.  There are no drivers.  I did not drive to the store with my car.").  It remains unclear how the named defendant allegedly interfered with Newman's right to travel, whether driving or not.

Newman alternatively contends that "his vehicles are private, not for commercial purposes and are not subject to insurance or license requirements."  *Id.* at PageID.134; *see also* ECF No. 6, at PageID.36 (Newman describing in his first amended complaint that he "is entitled liberty and right to travel," his "vehicles is often targeted by Kauai county police officers" and he is without a "valid Private (Right to travel) license, license plate and other proper documentation for constitutional freedom and protection.").  So Newman might be requesting an exemption of some sort for his personal vehicles.  But, as noted above, if Newman seeks this exemption on account of his religious beliefs, he is not entitled to such relief because motor vehicle regulations are laws that are neutral and generally applicable.  *See Fulton*, 593 U.S. at 533.

4. Finally, Newman requests a "waiver" under "44.107 Waiver of Sovereign Immunity by Tribal Entity." ECF No. 13, at PageID.129. While it is unclear what state or federal law Newman cites, he appears to be invoking tribal sovereign immunity based on his religious beliefs or affiliation with the Menehune tribe. But the contention is not a valid basis for relief for at least two reasons. First, the Menehune tribe is not a recognized sovereign tribe entitled to federal law exemptions. Second, although Indian tribes are generally immune from suit under federal law, the state government sued Newman as an individual, and did not sue the Menehune tribe. *See Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."). And as an individual, Newman is not entitled to sovereign immunity.

\* \* \*

In sum, Newman's letter does not state a possible claim for relief, and neither did his prior three complaints. For the reasons above and in the

Court's previous orders, the Court concludes that further amendment to Newman's complaint will not be fruitful.  The Court therefore DENIES Newman's request for leave to amend, and the action is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the Court DENIES Newman's request for leave to amend and dismisses the action with prejudice.

IT IS SO ORDERED.

DATED:  October 2, 2024, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

_____
Civil No. 24-00140 MWJS-RT; *Makim Newman v. State of Hawai'i,* et al.;
ORDER DENYING LEAVE TO AMEND AND DISMISSING ACTION