IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MAKIM NEWMAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAIʻI, *et al.*,<br><br>　　　　　Defendants. | Civil No. 24-00140 MWJS-RT<br><br>ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

### ORDER DENYING PLAINTIFF LEAVE
### TO PROCEED IN FORMA PAUPERIS ON APPEAL

On October 25, 2024, Plaintiff Makim Newman filed a notice of appeal of this Court's October 2, 2024, Order Denying Leave to Amend and Dismissing Action. ECF Nos. 15 & 17. That same day, Newman also filed a separate motion and affidavit for permission to proceed in forma pauperis. ECF No. 18. For the reasons set forth below, Newman's request is DENIED.

### BACKGROUND

Because the Court has addressed Newman's various allegations in previous orders dismissing his original and amended complaints, it recites only the facts relevant to the present appeal and motion.

Newman filed his initial complaint in March 2024, ECF No. 1, and the Court granted his application to proceed in forma pauperis in this Court in April 2024, ECF

No. 5.  The Court dismissed that initial complaint with leave to amend and subsequently reviewed and dismissed two additional amended complaints, as well as a final letter from Newman seeking leave to amend; the Court determined that in each instance, Newman failed to state a viable claim for relief.  *See* ECF No. 9, 11, & 15.

Newman now appeals the final dismissal of his action with prejudice.  ECF No. 17.  He has also filed a motion and affidavit for permission to proceed in forma pauperis on appeal to the Ninth Circuit (IFP application on appeal).  ECF No. 18.

His notice of appeal appears to advance the same facts and law as his previous complaints.  He recites events from Hawaiian history, including the "[i]llegal overthrow of the Hawaiian Kingdom in 1893," and details the United States's annexation of Hawaiʻi, just as he had in previous versions of his complaint.  *See* ECF No. 17, at PageID.169-75.  Newman also appears to describe the legal standard for war crimes as outlined by the Geneva Convention and the United Nations.  *See id.* at PageID.164-69.

In a summary of the issue presented on appeal, Newman states that he is "Menehune (Tribe, Religion)" and that this group has never ceded its jurisdiction to the State of Hawaiʻi.  *Id.* at PageID.177.  He explains that he was charged with trespassing, apparently by the State of Hawaiʻi, and that Defendants "Alison Nelistin" and the State of Hawaiʻi "fail[ed] to present proper documents and treaty of cession by the Hawaiian Kingdom."  *Id.*  He appears to allege that arresting him for trespass, without this

2

documentation, was a war crime.  *See id.* ("Plaintiff Makim Newman does not consent to war crimes.").

Newman seeks relief similar to that previously requested:  (1) "[s]tewardship" over a certain plot of land; (2) "[m]onetary compensation for damages" that encompass the emotional distress he suffered, the alleged human rights violations that occurred, "50 hours of probation community service," and property damages; (3) "[h]uman rights protection"; and (4) "State of Hawaii to relinquish and seize [sic] illegal government operations immediately."  *Id.* at PageID.178.

## **DISCUSSION**

Motions to proceed in forma pauperis on appeal are governed by Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(1) & (a)(3).  Under Rule 24(a)(3), a party permitted to proceed in forma pauperis in a district court action may retain that status "without further authorization," unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons" for doing so.  *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

While the "test for allowing an appeal in forma pauperis is easily met," a district court may still deny permission to proceed without payment of fees where the appeal is not "taken in good faith."  *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (cleaned

up). The "good faith requirement" is met where an appeal "seeks review of any issue that is not frivolous." *Id.* at 551 (cleaned up). An appeal "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    1. As an initial matter, Newman's IFP application on appeal lacks some required information. For example, Newman does not state the issues he is raising on appeal and instead has left that section blank. *See* ECF No. 18, at PageID.183. He also does not state the case number or case name. *See id.*

    Newman does state that he has a monthly income of $2,000 and monthly expenses of $1,900. *See id.* at PageID.184-89. And he represents that he only has $0.88 in his checking account. *Id.* at PageID.186. So Newman has at least provided the detail needed to demonstrate his inability to pay court fees while still affording the necessities of life. That need alone, however, is not sufficient for the Court to grant Newman's IFP application on appeal. The Court therefore turns to the question of whether Newman's appeal is taken in good faith or is frivolous.

    2. As the Court previously explained in its final order dismissing Newman's action with prejudice, Newman was given the opportunity to amend or supplement his complaint three times, to no avail. *See* ECF No. 15. Even in his letter to the Court requesting leave to amend, Newman still did not allege facts sufficient to state a claim. *See* ECF No. 14. As the Court noted, Newman's claim that his arrest for trespassing violated the First Amendment has no merit "because his criminal proceeding was not

4

resolved in his favor," and he therefore lacks a legal basis to challenge his conviction and sentence. ECF No. 15 at PageID.146. And Newman's request for stewardship of the property on which he was arrested similarly fails because he "has not shown that he has a legal right to be on the land, and the First Amendment does not exempt him from neutral, generally applicable laws—such as state trespass laws." *Id.* at PageID.147.

Newman's current notice of appeal does not suggest any new arguable basis in law or fact that would affect the Court's prior reasoning. *See United States v. Masuisui*, No. 14-CR-00173, 2024 WL 1719943, at *1 (D. Haw. Apr. 22, 2024) (denying petitioner's motion to proceed in forma pauperis on appeal because the Court had previously determined that petitioner "failed to establish that there was any legal or factual merit to his claims" and his appeal did not "suggest that there is any arguable basis in law or fact to alter the Court's prior reasoning"). While Newman now makes references to war crime law, he essentially advances the same factual bases as before. And nothing about the circumstances he has detailed rise to the level needed to allege such a serious violation. *See generally* 18 U.S.C. § 2441 (describing common war crime violations to include torture, cruel or inhuman treatment, performing biological experiments, murder, mutilation or maiming, intentionally causing serious bodily injury, rape, sexual assault or abuse, and taking hostages). Moreover, some of Newman's allegations of war crimes appear to be related to events during the overthrow of the Hawaiian Kingdom in the 19th century, and Newman has not outlined how he has suffered any

injuries from that overthrow that would be actionable under war crime law.  *See* ECF No. 17, at PageID.162-76.

There is no need to cast doubt upon the sincerity of Newman's pleadings—that is, one may accept that Newman makes each of his allegations in a good-faith belief that they are true.  But even a sincere appeal cannot proceed via in forma pauperis status if "it lacks an arguable basis either law or in fact."  *Neitzke*, 490 U.S. at 325.  Because that basis is lacking here, the Court must certify that Newman's appeal is not taken in good faith.

## **CONCLUSION**

For the foregoing reasons, Newman's motion for permission to proceed in forma pauperis, ECF No. 18, is DENIED.

IT IS SO ORDERED.

DATED:  October 30, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00140 MWJS-RT; *Makim Newman v. State of Hawaiʻi, et al.*; ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL